**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Johnny Roy FOOTRACER,**
**Defendant–Appellant.**

**No. 97–10528.**

**D.C. No. CR–96–00404–1–ROS.**

United States Court of Appeals,
Ninth Circuit.

---

Argued and Submitted Feb. 26, 2001.
Decided June 6, 2001.

Before PREGERSON, BRUNETTI, and HAWKINS, Circuit Judges.

MEMORANDUM *

Johnny Roy Footracer challenges the sua sponte transfer of his criminal trial

ing. *See Baja v. Duchreme*, 187 F.3d 1075 (9th Cir.1999).

* This disposition is not appropriate for publication and may not be cited to or by the courts

from the District of Arizona's Prescott Division to its Phoenix Division as violating his Sixth Amendment right, as articulated in *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979), to a jury venire composed of a fair cross-section of the community. In our original opinion, a majority of the panel found no violation and affirmed Footracer's conviction.

On April 26, 2000, we granted Footracer's petition for rehearing. We subsequently granted Footracer's motion to supplement the record on appeal with information relating to the trial court's denial of Footracer's motion to return his trial to Prescott. We allowed the United States a response, and Footracer a reply. The rehearing argument was limited to Footracer's claim surrounding the location of his trial.

After rehearing on February 26, 2001, we remanded the action to the district court for the limited purpose of obtaining, from the records of its clerk, certain information pertaining to Footracer's *Duren* claim. Specifically, we asked the district court to provide the following information: (1) the total number of criminal cases arising within the Prescott Division for the years 1992–2000; (2) the number of those cases in which the defendant was a Native American; (3) the number of those cases actually tried in Prescott, Arizona; (4) the number of those cases tried in Phoenix, Arizona; and (5) the number of those cases which were transferred sua sponte for trial from Prescott to Phoenix.

On April 2, 2001, the Clerk of the Court for the District of Arizona filed the requested information, to the extent it was available. Upon reviewing the provided statistical information, we conclude that Footracer's Sixth Amendment challenge

of this circuit except as provided by 9th Cir.

must fail because he cannot show, under *Duren*, that criminal trials involving Native American defendants were systematically transferred from the Prescott Division to the Phoenix Division so as to deny Footracer a jury selected from a fair cross-section of the community.

**AFFIRMED.**